UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EDWARD C. HUGLER**, Acting Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. 1:17-cv-2038<br>)<br>) |
| **ASHTON GROUP LLC**, | )<br>) |
| Respondent. | ) |

**SECRETARY'S PETITION TO ENFORCE
ADMINISTRATIVE SUBPOENA *DUCES TECUM***

COMES NOW Petitioner EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor ("the Secretary"), and hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Petition is brought to compel Respondent, ASHTON GROUP LLC ("Respondent"), to comply with an Administrative Subpoena *Duces Tecum* issued by the Regional Director of the San Francisco Regional Office of the Employment Benefits Security Administration ("EBSA") of the United States Department of Labor in an investigation conducted pursuant to section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134.

2. This Court has subject matter jurisdiction over this Petition pursuant to Sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49 and 50, as made applicable to ERISA by Sections 504(c) and 502(e)(1) of ERISA, 29 U.S.C. §§ 1134(c) & 1132(e)(1).

3. Exhibit 1 attached hereto and made a part hereof is a Declaration of EBSA Investigator Patrick Callahan In Support of Secretary's Petition to Enforce Administrative Subpoena *Duces Tecum* ("Callahan Decl.").

4. Respondent is a limited liability company with a place of business at 233 South Wacker Drive, 84th Floor, Chicago, Illinois 60606, within the jurisdiction of this Court. Kevin Hanson ("Mr. Hanson") is sole owner and principal of Respondent. Callahan Decl. at ¶ 6.

5. Respondent prepared the valuation of the common stock shares of LinkUs Holdings, Inc. ("the Company") for the LinkUs Holdings, Inc. Employee Stock Ownership Plan ("the Plan"), which is the subject of an EBSA investigation pursuant to ERISA § 504(a), 29 U.S.C. § 1134(a). *Id.* at ¶ 4. The Plan's independent trustee, Urbach Law Group, relied upon Respondent's valuation to support the fair market value it assigned to the Company's shares which were bought by the Plan. *Id.*

6. Venue lies in the Northern District of Illinois pursuant to 15 U.S.C. § 49 and 28 U.S.C. § 1391(b)(1) because Respondent resides in this judicial district.

## THE INVESTIGATION AND SUBPOENA

7. At all times relevant hereto, EBSA has been conducting an investigation of the Plan under ERISA § 504(a)(1), 29 U.S.C. § 1134(a)(1), to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order promulgated thereunder. *Id.* at ¶ 3.

8. In the course of its investigation, EBSA determined that obtaining certain information from Respondent was essential to determine whether any ERISA violations occurred regarding the administration and management of the Plan, including whether the Plan may have paid more than fair market value for the purchase of the Company's outstanding common stock shares. *Id.* at ¶ 4.

9. On April 1, 2016, Jean Ackerman, San Francisco Regional Director of EBSA, pursuant to authority vested by ERISA § 504(c), 29 U.S.C. § 1134(c), issued an Administrative Subpoena *Duces Tecum* ("Subpoena") directed to Respondent. *Id.* at ¶ 5; Exhibit 2 (attached hereto and made a part here of is a copy of the Subpoena).

10. EBSA served the Subpoena on Respondent by U.S. Certified Mail, Return Receipt Requested, on April 1, 2016. The Subpoena required Respondent to produce responsive documents by April 29, 2016. Callahan Decl. at ¶ 8; Exhibit 2.

11. On April 7, 2016, the Subpoena was marked delivered on USPS's tracking website. EBSA did not receive a Return Receipt. Callahan Decl. at ¶ 9; Exhibit 3 (attached hereto and made a part hereof is a copy of the USPS tracking website).

### RESPONDENT'S FAILURE TO COMPLY WITH THE SUBPOENA

12. Respondent failed to respond to the Subpoena by the April 29, 2016 deadline. Callahan Decl. at ¶ 10.

13. EBSA Investigator Patrick Callahan ("Investigator Callahan") attempted to reach Respondent by telephone on May 6, 9, 10, and 12, 2016. Respondent did not reply to Investigator Callahan's calls or voice mail messages. *Id.* at ¶ 11, 12.

14. On May 12, 2016, Investigator Callahan emailed Respondent following up on the Subpoena. Respondent did not reply to the email. *Id.* at ¶ 13; Exhibit 4 (attached hereto and made a part hereof is a copy of the May 12, 2016 email).

15. Investigator Callahan attempted to reach Respondent by telephone on May 18, 2016. Respondent did not reply to Investigator Callahan's calls or voice mail messages. Callahan Decl. at ¶ 14.

16. On May 25, 2016, Investigator Callahan sent Respondent a letter following up on the Subpoena via U.S. Certified Mail, Return Receipt Requested, to Respondent's Chicago office. *Id.* at ¶ 15; Exhibit 5 (attached hereto and made a part hereof is a copy of the May 25, 2016 letter).

17. The next day, Investigator Callahan emailed a copy of the May 25, 2016 letter to Respondent. Callahan Decl. at ¶ 15; Exhibit 6 (attached hereto and made a part hereof is a copy of the May 26, 2016 email).

18. Investigator Callahan attempted to reach Respondent by telephone on June 2 and 3, 2016. Respondent did not reply to Investigator Callahan's calls or voice mail messages. Callahan Decl. at ¶ 19.

19. On June 2, 2016, Investigator Callahan received a Return Receipt for the May 25, 2016 letter. *Id.* at 17; Exhibit 7 (attached hereto and made a part hereof is a copy of the Return Receipt received on June 2, 2016).

20. On June 9, 2016, Investigator Callahan sent letters via U.S. Certified Mail, Return Receipt Requested to Respondent's Chicago, Los Angeles, and Milwaukee offices and Mr. Hanson's home address. The letters notified Respondent that EBSA had made a good faith effort to arrange for the production of documents under the Subpoena in a manner that would lessen the impact of Respondent's daily operations, and that EBSA expected full compliance with the Subpoena by June 24, 2016 or a referral would be made to proceed with subpoena enforcement in federal district court. Callahan Decl. at ¶ 20; Exhibit 8 (attached hereto and made a part hereof is a copy of the June 9, 2016 letters).

21. On the same day, Investigator Callahan also emailed a copy of the June 9, 2016 letter to Respondent. Callahan Decl. at ¶ 21; Exhibit 9 (attached hereto and made a part hereof is a copy of the June 9, 2016 email).

22. On June 16, 2016, Investigator Callahan received a Return Receipt for the June 9, 2016 letter addressed to Mr. Hanson's home address. Callahan Decl. at ¶ 22; Exhibit 10 (attached hereto and made a part hereof is a copy of the Return Receipt received on June 16, 2016).

23. On June 21, 2016, Investigator Callahan received Return Receipts for the June 9 letters addressed to Respondent's Chicago and Los Angeles offices. Callahan Decl. at ¶ 23; Exhibit 11 (attached hereto and made a part hereof is a copy of the Return Receipts received on June 21, 2016).

24. On June 24, 2016, Respondent emailed Investigator Callahan and indicated that he would reach out the following Monday. Respondent did not reach out to EBSA the following

week. Callahan Decl. at ¶ 20; Exhibit 12 (attached hereto and made a part hereof is a copy of Mr. Hanson's June 24, 2016 email).

25. The following week, Investigator Callahan was out of the office. Supervisory Investigator Robyn Dela Cruz emailed Mr. Hanson requesting that Mr. Hanson follow up with Investigator Callahan. Callahan Decl. at ¶ 25; Exhibit 13 (attached hereto and made a part hereof is a copy of Robyn Dela Cruz's email to Mr. Hanson).

26. On July 11, 2016, Investigator Callahan emailed Respondent. Callahan Dec. at ¶ 27; Exhibit 14 (attached hereto and made a part hereof is a copy of the July 11, 2016 email).

27. Investigator Callahan attempted to reach Respondent by telephone on July 11 and 13, 2016. Callahan Decl. at ¶ 26.

28. On July 19, 2016, Respondent emailed Investigator Callahan, stating that he would be back on Thursday and would send information later in the week. Respondent did not send any information later that week. *Id.* at ¶ 28; Exhibit 15 (attached hereto and made a part hereof is a copy of Mr. Hanson's July 19, 2016 email).

29. On July 21, 2016, Investigator Callahan called Respondent and left a voice mail message. Callahan Decl. at ¶ 29.

30. Respondent called Investigator Callahan and left a voice mail message on July 22, 2016. Minutes after Respondent's voice mail message, Investigator Callahan returned the call and left a voice mail message. Investigator Callahan left two other voice mail messages for Respondent later that day. Respondent did not reply to the calls or voice mail messages. *Id.* at ¶ 30.

31. Investigator Callahan attempted to reach Respondent by telephone on July 26 and 29, 2016. Respondent did not reply to Investigator Callahan's calls or voice mail messages. *Id.* at ¶ 31.

32. On August 2, 2016, Investigator Callahan emailed Respondent. *Id.* at ¶ 32; Exhibit 16 (attached hereto and made a part hereof is a copy of the August 2, 2016 email).

33. Investigator Callahan attempted to reach Respondent by telephone on August 15, 2016. Callahan Decl. at ¶ 34.

34. On August 18, 2016, Respondent sent Investigator Callahan four emails containing some of the requested documents. *Id.* at ¶ 34; Exhibit 17 (attached hereto and made a part hereof are copies of Mr. Hanson's August 18, 2016 emails).

35. Respondent did not produce any documents responsive to Subpoena Request Nos. 5 and 6, which requested all communications and all electronic mail generated or received by Respondent related to the Plan or the Company. Respondent did not certify that no such responsive documents exist. Investigator Callahan reasonably believes that such documents may exist because he has seen communications involving Respondent during the course of his investigation. Callahan Decl. at ¶ 35.

36. Respondent did not certify that it produced all responsive documents to Subpoena Request No. 7, which requested all documents related to any appraisals and opinions Respondent prepared for the Plan. Specifically, Respondent did not produce valuation analyses, drafts, work papers, and documents relied upon by Respondent in preparation of the appraisals and opinions, or certify that no such documents exist. *Id.* at ¶ 36.

37. On August 30, 2016, Investigator Callahan emailed Respondent requesting the unproduced documents. *Id.* at ¶ 37; Exhibit 18 (attached hereto and made a part hereof is a copy of the August 30, 2016 email).

38. Investigator Callahan attempted to reach Respondent about the remaining unproduced documents on September 15, 2016, September 16, 2016, and November 15, 2016. Respondent did not respond to any of Investigator Callahan's calls or messages. Callahan Decl. at ¶ 38.

39. On December 21, 2016, Danielle Jaberg, ERISA Counsel for the U.S. Department of Labor, Office of the Solicitor, sent Respondent an email stating if Respondent did not comply with the Subpoena by January 4, 2017, the Secretary would seek to file an action in federal

district court to enforce the Subpoena. Exhibit 19 (attached hereto and made a part hereof is a true and correct copy of Danielle Jaberg's December 21, 2016 email).

40. Despite the efforts to obtain Respondent's full compliance with the Subpoena, Respondent has failed to produce or certify that it has produced all documents responsive to the Subpoena.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioner prays that this Court enter an order requiring Respondent ASHTON GROUP LLC, to appear on a date certain to show cause, if any there be, why its representative should not appear before the designated EBSA representative at such time and place as the Secretary or the Court may set, then and there to produce such designated documents and records as required by the Subpoena; and that the Petitioner have such other and further relief as may be necessary and appropriate.

Dated: March 15, 2017

**NICHOLAS C. GEALE**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/ Jing Zhang
**JING ZHANG**
Attorney

Attorney for Petitioner, **Edward C. Hugler,**
Acting Secretary of Labor

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Suite 844
Chicago, IL 60604
Telephone: (312) 353-1145
Fax: (312) 353-5698
E-mail: Zhang.Jing@dol.gov